IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| W.T. BELL INTERNATIONAL, INC., § <br> *Plaintiff*, § <br> § <br> VS. § <br> § <br> § <br> HUNTING TITAN, LTD., HUNTING § <br> TITAN, INC., and RICHARD W. § <br> BRADLEY § <br> *Defendants*, § <br> § <br> § <br> VS. § <br> § <br> WILLIAM T. BELL, § <br> DYNAENERGETICS HOLDING, GMBH, § <br> and DYNAENERGETICS USA, INC., § <br> *Third-Party Defendants*. § | C.A. No. _____ |

# NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1446, and 1454; and Southern District of Texas Local Rule 81, Defendant Richard W. Bradley ("Bradley" or "Defendant") hereby removes this action from the 278th Judicial District Court of Walker County, Texas to the United States District Court for the Southern District of Texas, Houston Division, and shows as follows:

**STATE COURT ACTION**

1. On April 5, 2015, Bradley, by and through his counsel, accepted service of a petition filed by W.T. Bell International, Inc. ("Plaintiff") in the 278th Judicial District of Walker County, Texas, in an action styled *W.T. Bell International, Inc. v. Hunting Titan, Ltd., Hunting Titan, Inc., and Richard W. Bradley v. DynaEnergetics Holding GMBH, DynaEnergetics USA, Inc., and William T. Bell*, Cause No. 1527367 (the "State Court Action").

1

2. This is a case centered around the rights to certain intellectual property relating to jet cutters, severing tools, and firing heads developed by Plaintiff for use by oilfield service companies such as Schlumberger and Weatherford. Plaintiff contends, among other things, that it protects certain "Trade Secret Drawings" by limiting third party access to its facilities, marking certain documents, drawings, and formulas as "Confidential" and "Trade Secret." *2nd Am. Pet.* at ¶ 23. Defendants Hunting Titan, Ltd. and Hunting Titan, Inc. (collectively, "Titan") and Plaintiff had a longstanding relationship whereby Plaintiff manufactured jet cutters and severing tools for distribution by Titan. Plaintiff alleges that throughout its relationship with Titan, Titan had access to certain "Trade Secret Drawings" and confidential information. *2nd Am. Pet.* at ¶¶ 23-24.

3. Plaintiff further alleges that Titan accessed, obtained, possessed, or disclosed the Trade Secret drawings for its own use, or the use of others, by publishing the drawings on its website. *2nd Am. Pet.* at ¶¶ 36-38; 65-69. Plaintiff contends that it has suffered irreparable injury due to Titan's publishing its trade secret information. *2nd Am. Pet.* at ¶ 38. The type of information allegedly taken, used, and published by Titan includes drawings, formulas, methods, and process and/or business information. *2nd Am. Pet.* at ¶¶ 37, 67. Plaintiff also asserts claims for tortious interference with prospective business relations and slander of title against Bradley and Titan. *2nd Am. Pet.* at ¶¶ 52-60.

4. Plaintiff is seeking declaratory judgment regarding its ownership of certain intellectual property and obligations pursuant to certain agreements entered into between Titan and Plaintiff's successor-in-interest. *2nd Am. Pet.* at ¶¶ 43-51. Plaintiff also seeks recover of actual, consequential, and exemplary damages, as well as costs, attorney's fees, and injunctive relief. *2nd Am. Pet.* at ¶¶ 69, 82-99.

5. Bradley and Titan deny each and every one of these allegations.

## PROCEDURAL REQUIREMENTS

6. With this Notice of Removal, Bradley removes the State Court Action to this Court on the basis of federal question jurisdiction conferred on this Court, as more fully described below.

7. This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. §§ 1441(a) and 1454(a).

8. This removal is timely. Bradley accepted service on April 5, 2016, by and through his counsel. Accordingly, this removal is timely under 28 U.S.C. § 1446(b) because Bradley filed this notice less than 30 days after it accepted service.

9. Pursuant to Southern District of Texas Local Rule 81, and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

    a. An index of matters being filed is attached hereto as **Exhibit A**;

    b. The state court docket sheet, all executed process in the case, all pleadings asserting causes of action, e.g. petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings, and all orders signed by the state judge are attached hereto as **Exhibits B.1 - B.17**;

    c. A list of all counsel of record, including addresses, telephone numbers and parties represented is attached hereto as Exhibit C; and

    d. A civil cover sheet is attached hereto as Exhibit D.

10. As the removing party, Defendant Richard W. Bradley consents to this removal.

11.     As co-defendants to this action, Defendants Hunting Titan, Ltd., and Hunting Titan, Inc. consent to this removal.[1]

12.     Simultaneously with the filing of this Notice of Removal, Defendant is filing copies of this Notice of Removal in the 278th Judicial District of Walker County, Texas, pursuant to 28 U.S.C. § 1446(d). Defendant will promptly give all parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

## BASIS FOR REMOVAL

13.     Defendant removes the State Court Action on the basis of federal question jurisdiction.

14.     A case may be removed to federal district court where such a court has original jurisdiction. 28 U.S.C. § 1441(a). Particularly, a civil action in which "any party asserts a claim for relief arising under any Act of Congress relating to…copyrights may be removed" by any party to that civil action. 28 U.S.C. § 1454(a)-(b). Federal district courts have original jurisdiction over "all civil actions arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331. A case arises under 28 U.S.C. § 1331 if a "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *See Empire Healthchoice Assurance Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006).

15.     In this case, Plaintiff seeks declaratory judgment regarding rights to certain intellectual property, as well as damages for unfair competition and misappropriation of trade secrets. Plaintiff's claims for misappropriation of trade secrets and unfair competition are preempted by federal law pursuant to 17 U.S.C. § 301(a), which establishes the exclusivity of the

---

[1] A signed copy of Defendants Hunting Titan, Ltd.'s and Hunting Titan, Inc.'s Notice of Consent to the removal of this action is attached hereto as Exhibit E.

4

Copyright Act. "[W]hen the pre-emptive force of a [federal] statute is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule, removal is proper." *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 593 (5th Cir. 2015) (internal quotations omitted). The Fifth Circuit has concluded that Section 301(a) of the Copyright Act is the type of "extraordinary" statute that "completely preempts the substantive field." *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 706 (5th Cir. 2012).

16. Plaintiff's claim for misappropriation of trade secrets is preempted by the Copyright Act because (1) it falls within the subject matter of copyright as defined by 17 U.S.C. § 102; and (2) the cause of action protects rights that are "equivalent" to any of the exclusive rights of a federal copyright, as provided in 17 U.S.C. § 106. *Spear Mktg., Inc.*, 791 F.3d at 594. The trade secrets that Plaintiff complains have been misappropriated are primarily "Trade Secret Drawings," which fall under the scope of the Copyright Act as "original works of authorship fixed in [a] tangible medium of expression." 17 U.S.C. 102(a). Further, the Fifth Circuit has concluded that even *ideas* fixed in a tangible medium are preempted by § 301(a), despite the fact that these ideas may not be protected under the Copyright Act. *Spear Mktg., Inc.*, 791 F.3d at 594 (noting that "scope" and "protection" are not synonyms).

17. Plaintiff's cause of action for misappropriation also protects the same rights as those protected under the Copyright Act. 17 U.S.C. § 106 provides that the owner of a copyright has the exclusive right to reproduce the copyrighted work, prepare derivative works based upon the derivative work, and distribute copies of the copyrighted work. 17 U.S.C. § 106. Plaintiff complains that Titan allegedly published and used "Trade Secret Drawings" and other information that Titan had no proprietary interest in on its website without Plaintiff's permission.

*2nd Am. Pet.* at ¶¶ 20, 24, and 68. These rights are equivalent to the rights prescribed by the Copyright Act.

18. Plaintiff's claim of unfair competition is also preempted by the Copyright Act because (1) it falls within the subject matter of copyright as defined by 17 U.S.C. § 102; and (2) the cause of action protects rights that are "equivalent" to any of the exclusive rights of a federal copyright, as provided in 17 U.S.C. § 106. Plaintiff complains that Titan engaged in unfair competition "through conduct that…violated WTBI's rights to conduct business without having its formulas, products, or confidential proprietary business information misappropriated for the benefit of a competing business…", *2nd Am. Pet.* at ¶ 72. These formulas, and other WTBI confidential business information, including WTBI's "Trade Secret Drawings", all contain information that falls under the scope of the Copyright Act as "original works of authorship fixed in [a] tangible medium of expression." 17 U.S.C. § 102(a). *See Alcatel USA, Inc. v. DGI Technologies, Inc.,* 155 F.3d 772, 789 (5th Cir. 1999) (state law claim for unfair competition by misappropriation is preempted by the federal Copyright Act).

19. Plaintiff's unfair competition cause of action, based on misappropriation, also protects the same rights as those protected under the Copyright Act. 17 U.S.C. § 106 provides that the owner of a copyright has the exclusive right to reproduce the copyrighted work, prepare derivative works based upon the derivative work, and distribute copies of the copyrighted work. 17 U.S.C. § 106. Plaintiff complains that Titan allegedly disclosed and used its confidential information without Plaintiff's permission. *2nd Am. Pet.* at ¶¶ 20, 24. These rights are equivalent to the rights prescribed by the Copyright Act. 17 U.S.C. § 106.

20. This Court should also exercise supplemental jurisdiction over state law claims against Defendants Bradley, Hunting Titan, Ltd., and Hunting Titan, Inc., as well as Third-Party

Defendants DynaEnergetics Holding GMBH, DynacEnergetics USA, Inc., and William T. Bell because they are so related to the federal claims that they form part of the same case or controversy.  *See* 28 U.S.C. § 1367(a).  As noted by the Supreme Court, "Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").  Further, it is well-established that federal district courts have supplemental jurisdiction over state law claims that share a "'common nucleus of operative fact'" with federal claims.  *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1977)).  This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court.  *Id*. at 806.

21. Plaintiff's requests for declaratory judgment, damages, attorney's fees, and costs arise out of the same facts that lead to its misappropriation of trade secrets claim, namely, a dispute over the rights to certain intellectual property.  Accordingly, supplemental jurisdiction exists with regard to Plaintiff's claims.  Thus, removal of the entire State Court Action to this Court is appropriate.

## CONCLUSION

22. For these reasons, Defendant asks the Court to remove this suit to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

/s/ *Charles S. Baker*
CHARLES S. BAKER
Southern District of Texas No. 022496
State Bar No. 01566200
Locke Lord LLP
600 Travis, Suite 2800
Houston, Texas 77002-3095
(713) 226-1200 – *telephone*
(713) 223-3717 – *facsimile*

**ATTORNEY-IN-CHARGE FOR DEFENDANTS HUNTING TITAN, LTD., HUNTING TITAN, INC. AND RICHARD W. BRADLEY**

**OF COUNSEL:**
SCARLETT COLLINGS
Southern District of Texas No. 22750
State Bar No. 24001906
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
(713) 226-1200 – *telephone*
(713) 223-3717 – *facsimile*

RYAN HOMEYER
State Bar No. 24092534
Southern District No. 2592182
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
(713) 226-1200 – *telephone*
(713) 223-3717 – *facsimile*

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the above and foregoing document was served on counsel of record on May 2, 2016 via the electronic filing manager, or, if the email address of counsel is not on file with the electronic filing manager, as indicated below:
*Via Email*

Guy E. Matthews
Terry Joseph
Terry McCutcheon
John D. Holman
David M. Lodholz
Matthews, Lawson, McCutcheon & Joseph PLLC
2000 Bering Dr., Suite 700
Houston, Texas 77057

Bennie D. Rush
bennie@bdrushlaw.com
Law Offices of Bennie D. Rush, P.C.
1300 11th Street, Suite 300
Huntsville, Texas 77340

Dan McElroy
dan@mcelroy-law.com
Sumner, Schick & Pace, LLP
3811 Turtle Creek Blvd., Suite 600
Dallas, Texas 75219


                /s/ Ryan Homeyer
                Ryan Homeyer