United States District Court
Southern District of Texas
**ENTERED**
September 06, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W.T. BELL INTERNATIONAL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| RICHARD W. BRADLEY, *et al.* | § | CIVIL ACTION NO. H-16-1192 |
| | § | |
| Defendants, | § | |
| | § | |
| VS. | § | |
| | § | |
| WILLIAM T. BELL, *et al.* | § | |
| | § | |
| Third-Party Defendants. | § | |

**MEMORANDUM AND OPINION**

In this suit, a tool and equipment design and manufacturing company serving the oil and gas industry accuses a competitor of unfair competition and misuse of intellectual property. This is the second intellectual-property suit W. T. Bell International, Inc. ("Bell") has filed against Hunting Titan, Ltd. and Hunting Titan, Inc. ("Titan"). Bell filed the first suit in federal court, and Titan successfully moved to dismiss for lack of subject-matter jurisdiction. *W.T. Bell International, Inc. v. Hunting Titan, et al.,* Civil Action No. 4:14-cv-2653 (S.D. Tex. 2015). Bell then sued Titan in Texas state court, reasserting similar claims and adding new causes of action. After taking multiple depositions, Bell amended its petition to add Titan's president, Richard Bradley, as a defendant. On May 2, 2016, Mr. Bradley removed the second suit to federal court. Titan filed its consent to remove. (Docket Entry No. 1).

Bell has now moved to remand for lack of federal-question jurisdiction or, alternatively, to amend its pleading to eschew any federal claim and seek remand under the court's discretion to exercise supplemental jurisdiction. Bell also seeks the attorney's fees and costs it incurred in the removal and remand. Based on the pleadings, the record, and the applicable law, Bell's motion to amend and remand is granted, and the request for fees and costs is denied. The reasons are explained in detail below.

**I.     Background**

Bell and Titan design and manufacture tools and equipment used in the oil and gas industry. Bell alleges that since 2003, Titan has been a customer and distributor of Bell's jet cutters and other severing devices. (Docket Entry No. 6, Ex. 6 ¶ 16). The dispute between Bell and Titan started in in 2014, when Bell signed a nonbinding letter of intent to sell the company to Weatherford International. Bell alleges that Weatherford called off the $23 million sale after Richard Bradley, Titan's president, told Weatherford that the sale would threaten Titan's intellectual property rights. (*Id.* at ¶ 29). On September 15, 2014, Bell filed its first suit against Titan in the United States District Court for the Southern District of Texas, seeking: (1) a declaration of noninfringement of certain Titan-owned patents, that Bell was not bound by the asset purchase agreement between Titan and a previously dissolved third party, and that Bell owned certain intellectual property; and (2) damages for tortious interference with prospective business relations, unfair competition, fraud and fraud by nondisclosure, negligent misrepresentation, breach of the duty of confidence, *quantum meruit*, and unjust enrichment. (Civil Action No. 4:14-cv-2653, Docket Entry No. 1).

On March 16, 2015, the district court granted Titan's motion to dismiss Bell's first suit for lack of subject-matter jurisdiction. (*Id.*, Docket Entry No. 36). The court noted that the only

2

arguable basis for federal subject-matter removal jurisdiction was Bell's cause of action for a declaration that it had not infringed the specified Titan patents. Titan reviewed Bell's product-design plans and filed a notice stating that it did not contend that Bell's designs infringed its patents. The court dismissed the action without prejudice for lack of a justiciable case or controversy. (*Id.* at 2–3; *see* 28 U.S.C. § 2201(a)).

Bell then sued Titan in Texas state court, reasserting five of the claims it had raised earlier in the federal case and adding new claims in an amended pleading filed on October 23, 2015. Bell's first amended state-court petition sought: (1) a declaration that Bell was not bound by the asset purchase agreement between Titan and a previously dissolved third party, and that Bell owned certain intellectual property; and (2) damages for slander of title, tortious interference with prospective business relations, unfair competition by palming off, trade-secret misappropriation, unfair competition, and *quantum meruit*; and (3) an injunction to prevent Titan from disclosing Bell's trade secrets. (Docket Entry No. 6, Ex. 5). Both parties deposed key witnesses, including Richard Bradley. On April 1, 2016, Bell again amended its petition, adding Mr. Bradley as a defendant and asserting claims against him for slander of title, tortious interference, and unfair competition. (*Id.,* Ex. 6). Removal based on federal-question jurisdiction followed on May 2, 2016.[1] (Docket Entry No. 1). That jurisdiction is in turn based on arguments that the federal Copyright Act, 17 U.S.C. § 301(a), completely preempts Bell's trade-secret misappropriation and unfair competition claims. Mr. Bradley asserts that because two of Bell's causes of action "fall[] within the subject matter of copyright" and seek the protection of "rights that are 'equivalent' to any

---

[1] Mr. Bradley accepted service of the petition on April 5, 2016; removal was timely. *See* 28 U.S.C. § 1446(b).

3

of the exclusive rights of a federal copyright," federal-question jurisdiction exists and made removal proper. (Docket Entry No. 1 ¶¶ 16–18) (citing 17 U.S.C. §§ 102, 106).

Bell moved to remand on June 1, 2016. Relying on *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772 (7th Cir. 2002), Bell argues that federal law does not preempt its claims because Texas state law requires an "extra element" for both its misappropriation and unfair competition claims. (Docket Entry No. 6 at 10–11). Alternatively, Bell urges that if its state-law claims are preempted, the court should dismiss those claims and remand or should allow Bell to amend to delete any potential federal claim and remand based on the court's discretion to decline supplemental jurisdiction over the remaining state-law claims. (*Id.* at 14-16; *see* 28 U.S.C. § 1367(c)). Finally, Bell argues that Titan waived its right to consent to removal, negating the required unanimity. (*Id.* at 16–22; *see* 28 U.S.C. § 1446(b)(2)).

Each basis for remand is examined below.

## II. The Legal Standards for Removal and Remand

Defendants may remove a state-court action to federal court when federal jurisdiction exists and the removal is procedurally proper. The procedural requirements include unanimous consent to removal. 28 U.S.C. §§ 1441, 1446(b); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986) (citing *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing, Local 349*, 427 F.2d 325, 326–27 (5th Cir. 1970). Although litigation conduct in state court may waive a defendant's right to remove or consent to removal, that waiver "must be clear and unequivocal; the right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits." *Telford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003).

The removal statute is strictly construed and ambiguities are construed to favor remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party has the burden to establish the facts necessary for federal jurisdiction. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Federal-question jurisdiction exists if a plaintiff's well-pleaded complaint raises a claim that arises under federal law. 28 U.S.C. § 1331. The plaintiff may avoid federal jurisdiction by relying exclusively on state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987).

Removal jurisdiction is based on the claims in the operative state-court petition when the case is removed. *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636–37 (5th Cir. 2014). If that petition establishes jurisdiction, the court retains it even if all the federal-law claims are dismissed or abandoned after removal. The jurisdictional issue shifts, however, from whether remand is required because jurisdiction is not present to whether the court should remand the remaining state-law claims despite the fact that federal jurisdiction is proper. *See Shea v. Parker*, 2011 WL 5527717 (S.D. Tex. 2011). District courts have discretion to remand a properly removed case if the only claims asserted are under state law and supplemental federal jurisdiction. 28 U.S.C. § 1367; *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614 (1988). The court "should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity" to decide whether to continue to exercise supplemental jurisdiction over state-law claims when they are the only claims left in the case. *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 586 (5th Cir. 1992) (quoting *Carnegie-Mellon*, 484 U.S. at 350, 108 S.Ct. at 619).

**III.    Analysis**

    **A.    Does this Court have Federal-Question Removal Jurisdiction?**

The parties dispute whether the operative state-court petition alleged a federal cause of action for Bell's unfair-competition-by-palming-off and trade-secret misappropriation claims. The defendants argue that federal law preempts these claims because Bell is seeking to protect rights equivalent to those protected by the federal Copyright Act. Bell responds that its state-law claims require an "extra element" beyond the federal claims, defeating or avoiding complete preemption. *See Alcatel USA, Inc.*, 166 F.3d at 787.

Bell's petition contains a prayer for relief asserting that "Titan's violation of the Lanham Act" entitles Bell to "exemplary damages in an amount not exceeding twice any award for Titan's misappropriation." (Docket Entry No. 6, Ex. 6 ¶ 99). That invocation of the federal Lanham Act and a remedy expressly available under that Act alleges a federal cause of action and establishes that this case "arises under" federal-question jurisdiction. The Lanham Act protects against, and provides remedies for, false and misleading statements likely to harm the owner of a trademark. 15 U.S.C. § 1051 *et seq*. In the related field of copyright protection, the Fifth Circuit agrees with the Second Circuit's test for jurisdiction: "[A]n action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act . . . or asserts a claim requiring construction of the Act, . . . or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." *Goodman v. Lee*, 815 F.2d 1030, 1031 (5th Cir. 1987) (quoting *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d. Cir. 1964) (omissions original). Applying Second Circuit law, the Southern District of New York found that a claim arose under the Lanham Act when the pleading sought "treble

6

damages," a remedy "expressly granted by the Lanham Act." *Foxrun Workshop, Ltd. v. Klone Manufacturing, Inc.*, 686 F.Supp. 86 (S.D.N.Y. 1988). In a per curiam opinion, the Fifth Circuit reversed a finding of federal jurisdiction because the removed petition did not expressly invoke the Lanham Act for a remedy it provided. *In re Hot-Hed Inc.*, 477 F.3d 320 (5th Cir. 2007).

Bell's state-court petition expressly invoked the Act and the remedy it provides. Bell's petition stated at least one claim arising under federal-question jurisdiction; that is enough for removal, unless it was waived or procedurally flawed.

### B. Did Titan Waive its Right to Consent to Remove?

Bell argues that Titan waived its right to consent to removal because it moved to dismiss the earlier-filed federal-court action for lack of federal jurisdiction and because after the present case was filed, it did nothing toward removal for over a year. (Docket Entry No. 6 at 18-22). Neither argument meets the requirements for waiver.

Although this removed action is similar to the earlier action Bell filed in federal court, the complaint in that action did not invoke or assert a claim under the Lanham Act. (Civil Action No. 14-cv-2653, Docket Entry No. 1). Assuming, but not deciding, that an inconsistent argument or litigation position about jurisdiction could waive the right to remove, Titan's arguments are consistent on at least one ground for federal jurisdiction, the Lanham Act. Titan did not waive its right to remove this action based on federal jurisdiction by seeking to dismiss the prior action for lack of federal jurisdiction.

Nor has Titan waived its right to remove because of its state-court litigation conduct in the present case. Bell cites the Fifth Circuit's statement in *Brown v. Demco, Inc*., 792 F.2d at 481, that "[e]ven a defendant who petitions timely may have waived its right to removal by proceeding to

7

defend the action in state court or otherwise invoking the process of the court." Bell argues that Titan's state-court litigation conduct was extensive, including "filing Answers, Counterclaims, Amended Answers, Amended Counterclaims, and Third-Party Claims, filing at least seven motions, setting at least seven hearings before the court, serving Requests for Production and Interrogatories, responding to Plaintiff's Requests for Production and Interrogatories, deposing at least two of Plaintiff's witness[es], presenting at least four witnesses for Plaintiff to depose, and serving at least three subpoenas on non-parties for document requests." (Docket Entry No. 6 at 21). But Fifth Circuit law is clear that "the right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits." *Telford*, 327 F.3d at 428. In *Brown*, most of the defendants had litigated the case for four years after the deadline for timely removal. In considering *Brown*, the *Telford* court ruled that the right to remove is waived only when the defendant has sought a final adjudication in the state court. The *Telford* defendant's motions for transfer of venue, for confidentiality, and for consolidation, and its agreement on a trial date, did not waive its right to remove. *Telford*, 327 F.3d at 428; *see also Jacko v. Thorn Americas, Inc.*, 121 F.Supp.2d 574 (E.D. Tex. 2000) (finding a motion for summary judgment seeks a final determination and thus waives the right to remove); *David K. Young Consulting, LLC v. Arnold*, 2013 WL 1411654 at *4 (W.D. Tex. 2013) ("There is no support for [Plaintiff's] argument that a defendant may waive the right of removal by deposing a witness or obtaining a temporary injunction.").

The record shows that in the state court, before consenting to removal, Titan engaged in the ordinary work of pretrial preparation. When it consented to removal, Titan had not sought a final adjudication in the state court and had not waived its right to remove.

### C.  Should this Court Continue to Exercise Supplemental Jurisdiction over the Remaining State-Law Claims?

In its proposed amended pleading, Bell deletes its request for exemplary damages under the Lanham Act, as well as its claims that Titan is misappropriating Bell's trade secrets and "palming off" Bell's products as Titan's. Instead, Bell alleges only Texas common-law claims of unfair competition substantially similar to the claims brought in the earlier federal case that were dismissed for lack of a federal question. (*Compare* Docket Entry No. 6, Ex. 6 ¶¶ 36–42, 62–64, 71–76 *with* Docket Entry No. 12, Ex. 1 ¶¶ 75–79 *and* Civil Action No.14-cv-2653, Docket Entry No. 1 ¶¶ 83–89). Titan and Mr. Bradley do not argue that any claims in Bell's proposed amended pleading give rise to federal-question jurisdiction. (Docket Entry No. 13) (defendants' opposition to the amended motion to remand, arguing only that the originally removed petition alleged federal causes of action). The court grants Bell's motion to amend its pleading and agrees that the amended complaint does not state a federal claim. The remaining issue is whether the court should retain jurisdiction over the state-law claims that Bell does assert.

In *Enochs v. Lampasas County*, 641 F.3d 155 (5th Cir. 2011), the Fifth Circuit held that a district court abused its discretion in declining to remand a case under circumstances similar to those present here. Clarence Enochs filed suit against Lampasas County in Texas state court, alleging violations of 42 U.S.C. §§ 1983 and 1985 and state law. The County timely and properly removed to federal court, then moved to dismiss the § 1985 claim and the one state-law claim. Enochs responded by simultaneously moving to amend to delete the federal-law claims and to remand. *Id.* at 157. The district court granted Enochs's motion to amend, deleting the federal claims, but denied

9

the motion to remand without "re-examin[ing] its jurisdiction over the Texas state law claims." *Id*. at 158. The Fifth Circuit reversed.

The Fifth Circuit noted that 28 U.S.C. § 1367(c)(2)–(3), which permits courts to decline supplemental jurisdiction when "the state claims substantially predominate over the federal claims" and when "the federal claims have been dismissed" clearly weighed in favor of remand. The court examined whether judicial economy, convenience, fairness, and comity, the common-law factors the Supreme Court had identified in *Carnegie-Mellon*, supported remand. *Id*. at 159 (citing *Carnegie-Mellon*, 484 U.S. at 350).

In *Enochs*, as here, "at the time the federal claims were deleted hardly any federal judicial resources, let alone a significant amount of resources, had been devoted to the district court's consideration of the Texas state law claims (or to any claims)." *Enochs*, 641 F.3d at 159. In both cases, the parties would not be inconvenienced by having "to duplicate any research, discovery, briefing, hearings, or other trial preparation work" on remand. *Id*. In both cases, "it [is] certainly fair to have the purely Texas state law claims heard in Texas state court, and there is nothing to indicate that either party would have been prejudiced by a remand to Texas state court." *Id.* at 160. And in both cases, comity supports remand because it respects the state court's primary role in determining state law. *Id.* "Our general rule," the court concluded in *Enochs*, "is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Id*. at 161 (quoting *Parker & Parsley Petroleum Co.*, 972 F.2d at 585).

With the amendment of Bell's complaint, the federal claims have effectively been dismissed and the state claims necessarily predominate. 28 U.S.C. § 1367(c)(2)–(3). Given the limited federal court involvement in the state-law claims, and the fact that the parties will not have to duplicate the

10

work already done, the common-law factors of judicial economy, convenience, fairness, and comity heavily favor remand. *See Enochs*, 641 F.3d at 159.

Mr. Bradley argues as a matter of fairness, this court should retain jurisdiction because he "lives in Houston, not Huntsville[, Texas]." (Docket Entry No. 13 at 2). But the issue is whether either party would be "prejudiced by a remand to Texas state court." *Enochs*, 641 F.3d at 160 (citing *Parker & Parsley Petroleum Co.*, 972 F.2d at 588). There is no basis to find that the state court in Huntsville will be unfairly prejudiced against Mr. Bradley or Titan, and there is no basis to find that inconvenience justifies retaining federal jurisdiction to obtain a Houston venue. The state court denied an earlier motion to transfer venue to Houston from Huntsville. *See W.T. Bell International, Inc. v. Hunting Titan, Ltd. & Hunting Titan, Inc*., No. 1527367 (278th Dist. Ct., Walker County, Tex. Jul. 28, 2015). Mr. Bradley has been deposed in the state-court proceedings, further reducing the inconvenience of the litigation.

Because all the factors favor remand, the motion to do so is granted.

### D. Should Bell Be Awarded the Attorney's Fees and Costs Incurred on Remand?

Bell has requested the fees and costs it incurred as a result of removal, under 28 U.S.C. § 1447(c). Awarding fees and costs is appropriate only when the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005). Bell's understandable frustration arises from Titan's consent to remove this case on the basis of federal-question jurisdiction nearly a year after moving to dismiss the earlier related case for lack of federal-question jurisdiction. (Docket Entry No. 6 at 16–22). But, as explained above, the amended state-court petition that Titan consented to remove stated a new claim under the Lanham Act, which provided Titan a reasonable basis for believing that removal

11

was proper.  Bell acknowledges that the state-court petition that was removed also added claims of trade-secret misappropriation and unfair competition by palming off, claims that were not present in the original federal court case.  (Docket Entry No. 6 at 2).  The defendants removed on the basis of these newly pleaded claims.  The propriety of removal is determined by the claims asserted in the operative state court pleading at the time of removal, even if shortly after the removal the plaintiff agrees to amend to delete those claims.  *See Am. Nat. Prop. Cas. Co.*, 746 F.3d at 636–37.  The belief that the newly pleaded claims raised federal-question jurisdiction was reasonable, precluding a fee and cost award.  Bell's motion is denied.

## IV.   Conclusion

The motion to remand the action to state court based on the petition Bell had filed at the time of removal, (Docket Entry No. 6), is denied.  The motion to amend the pleading and remand the action to state court, (Docket Entry No. 12), is granted.  The request for attorney's fees and costs is denied.

This action is remanded to the 278th Judicial District Court of Walker County, Texas.

SIGNED on September 6, 2016, at Houston, Texas.

                                                Lee H. Rosenthal
                                                United States District Judge

12